```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MARK A. SMITH,                        : 12 Civ. 4892 (JPO) (JCF)
                                      :
              Plaintiff,              :      REPORT AND
                                      :      RECOMMENDATION
     - against -                      :
                                      :
CITY OF NEW YORK, QUAZI SATTER,       :
CHARLES MIRABILE, SYDNEY PIGOTT,      :
and DR. STRONG,                       :
                                      :
              Defendants.             :
- - - - - - - - - - - - - - - - - - -:
```

TO THE HONORABLE J. PAUL OETKEN, U.S.D.J.:

Plaintiff Mark A. Smith, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, claiming that the defendants violated his constitutional rights by depriving him of dental care while he was incarcerated on Rikers Island. The defendants have moved for summary judgment. I recommend granting the motion.

Background

Mr. Smith was incarcerated at the George Motchen Detention Center ("GMDC") on Rikers Island between June 18, 2009, and July 28, 2009. (Defendants' Local Rule 56.1 Statement of Material Facts Not in Dispute ("Def. 56.1 Statement"), ¶ 8).[1] On July 7, 2009,

---

[1] Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rules") requires a motion for summary judgment to be accompanied by a statement of the material facts that the movant believes undisputed, with citations to admissible evidence. Local Civil Rule 56.1(a) & (d). The party opposing summary judgment must submit, with his opposition, a statement responding to each of the proposed undisputed facts, also with citations to admissible evidence. Local Civil Rule 56.1(b) & (d). The plaintiff did not submit a Local Civil Rule 56.1 statement with his papers opposing the defendants' motion. Nevertheless, district courts have "broad discretion to determine whether to overlook a party's failure to comply with local court rules," and a court "may in its discretion opt to 'conduct an assiduous review of the record' even where one

the plaintiff visited GMDC's sick call to seek treatment for a toothache. (Def. 56.1 Statement, ¶ 9). He was seen by a physician's assistant who noted that one of the plaintiff's right upper molars had a cavity with a cement filling in place. (Def. 56.1 Statement, ¶ 11). The physician's assistant observed no swelling and reported that the tooth was "nonexudative" and the plaintiff had no difficulty swallowing. (Def. 56.1 Statement, ¶ 11). He prescribed 400 mg of Motrin for seven days and requested a dental consult for Mr. Smith. (Def. 56.1 Statement, ¶¶ 12-13). Although still in pain, Mr. Smith did not take the prescribed medication, assertedly because he is suspicious of medication because he does not know what it contains. (Def. 56.1 Statement, ¶ 15). He was able to eat soft meals and to chew on the left side of his mouth. (Def. 56.1 Statement, ¶ 16).

Mr. Smith again visited the facility's sick call on July 14, 2009, with the same complaint, asserting that if he did not see a

---

of the parties has failed to file [a Local Civil Rule 56.1] statement." Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (quoting Monahan v. New York City Department of Corrections, 214 F.3d 275, 292 (2d Cir. 2000)). Where the court's independent review of the record yields evidence contrary to a given assertion in the moving party's Local Civil Rule 56.1 statement, or where a party fails to support an assertion by citing admissible evidence, the court may reject that assertion. Id. at 73-74. Conversely, where the moving party's Local Civil Rule 56.1 statement is not contradicted by the court's review of the record, then the party's assertions will be "deemed admitted as a matter of law" for the purposes of a summary judgment motion. Chitoiu v. UNUM Provident Corp., No. 05 Civ. 8119, 2007 WL 1988406, at *1 n.1 (S.D.N.Y. July 6, 2007) (granting summary judgment against pro se plaintiff who failed to respond to defendant's Local Civil Rule 56.1 statement of facts). My review of the record did not reveal any facts to contradict the relevant facts in the defendants' Local Civil Rule 56.1 Statement. Therefore, I have taken those facts recited here as true.

dentist, he would sue. (Def. 56.1 Statement, ¶¶ 17-18, 20). Medical manager George Strachan (erroneously sued as "Dr. Strong"), approached the plaintiff to find out what was wrong and then checked Mr. Smith's file to see when a dental appointment was scheduled.[2] (Def. 56.1 Statement, ¶ 21). When Mr. Strachan informed Mr. Smith that an appointment was scheduled for July 21, 2009, Mr. Smith said that it was not possible for him to see a dentist on that date because he had a court appearance. (Def. 56.1 Statement, ¶ 22). Mr. Strachan assured Mr. Smith that he would see a dentist, but did not know when the rescheduled appointment would be. (Def. 56.1 Statement, ¶ 22). Mr. Strachan did not examine the plaintiff -- nor was he authorized to, as he is not a medical professional. (Def. 56.1 Statement, ¶¶ 24-27, 47). The Rikers Island Intake System Appointments log shows that Mr. Smith's dental appointment was rescheduled for July 30, 2009. (Def. 56.1 Statement, ¶ 29).

The plaintiff was transferred to the Eric M. Taylor Center ("EMTC") on July 28, 2009, two days before his appointment at the GMDC dental clinic. (Def. 56.1 Statement, ¶ 30). He visited EMTC's sick call in the early morning hours of July 30, 2009, complaining, among other things, of toothache. (Def. 56.1 Statement, ¶ 31). The physician's assistant observed a cavity but no abscess or redness in the area. (Def. 56.1 Statement, ¶ 31). She prescribed Motrin and requested a dental consult, noting a

---

[2] For security reasons, inmates are not informed in advance of the date of their scheduled dental appointments. (Def. 56.1 Statement, ¶ 57).

3

"cavity to the upper jaw and toothache." (Def. 56.1 Statement, ¶¶ 31-32). The plaintiff again attended sick call at 9:00 p.m. the same day, complaining of a "hole in [his] tooth." (Def. 56.1 Statement, ¶ 33). Noting tooth decay, the physician on duty advised Mr. Smith to continue taking Motrin and requested a dental consult. (Def. 56.1 Statement, ¶ 33).

On August 1, 2009, a physician at sick call examined Mr. Smith, reporting decay in an upper right molar and moderate tenderness on percussion of the tooth, but no gum swelling or bleeding. (Def. 56.1 Statement, ¶ 34). He prescribed a 10 day course of penicillin. (Def. 56.1 Statement, ¶ 34). Three days later, another physician examined Mr. Smith and noted a cavity but no abscess or bleeding. (Def. 56.1 Statement, ¶ 36). The plaintiff declined medication that he was offered. (Def. 56.1 Statement, ¶ 36). Mr. Smith was released from EMTC on August 6, 2009, four days before his scheduled August 10, 2009 dental appointment. (Def. 56.1 Statement, ¶¶ 37-38).

After his release from detention, Mr. Smith did not seek dental treatment until January 6, 2010. (Def. 56.1 Statement, ¶¶ 40, 43-44).

Discussion

    A.   Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute

4

regarding a material fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009), and a material fact is one that "'might affect the outcome of the suit under the governing law,'" Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson, 477 U.S. at 248).  In assessing the record to determine whether there is a genuine issue of material fact, the court "must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party."  McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006).

The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), following which the opposing party must come forward with specific facts showing a genuine issue for trial.  The parties can support their claims with discovery materials, stipulations, affidavits, or other evidence, see Fed. R. Civ. P. 56(c)(1)(A); however, "'only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment,'" Presbyterian Church of Sudan v. Talisman Energy, Inc., 582 F.3d 244, 264 (2d Cir. 2009) (quoting Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997)).  Thus, the parties cannot rely on "'conclusory allegations or unsubstantiated speculation'" to support or defeat a motion for summary judgment.  Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (quoting Fujitsu Ltd.

v. Federal Express Corp., 247 F.3d 423, 428 (2d Cir. 2001)).

Where a litigant is pro se, his pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); accord Belpasso v. Port Authority of New York and New Jersey, 400 F. App'x 600, 601 (2d Cir. 2010). Nevertheless, proceeding pro se does not relieve a litigant from the usual requirements of summary judgment, and a pro se party's "'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

  B.  Deliberate Indifference

The plaintiff claims that the defendants violated his Eighth and Fourteenth Amendment[3] rights when they failed to provide him emergency dental treatment while he was incarcerated at Rikers Island. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal citation omitted).

---

[3] The standard for constitutional violations of this type is the same whether it is anaylzed under the Eighth Amendment or the Fourteenth Amendment. See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

To establish an unconstitutional denial of medical care under 42 U.S.C. § 1983, a plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. Farmer v. Brennan, 511 U.S. 825, 835 (1994); Estelle, 429 U.S. at 104. Thus, an inmate must satisfy both an objective and a subjective test. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998). "First, the alleged medical condition must be, in objective terms, sufficiently serious. Second, the defendant must act with a sufficiently culpable state of mind." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal citation and quotation marks omitted).

For a medical condition to satisfy the objective test, it must be a "condition of urgency that may result in degeneration or extreme pain." Id. (internal quotation marks omitted). "Because [t]he objective component of an Eighth Amendment claim is . . . [necessarily] contextual and fact-specific, the serious medical need inquiry must be tailored to the specific circumstances of each case." Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003) (alterations in original) (internal citation and quotation marks omitted); see also Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) ("As to the objective element, there is no 'static test' to determine whether a deprivation is sufficiently serious."). In recognizing that dental conditions, like other medical conditions, may be of varying severity, the Second Circuit has chosen not to establish a bright-line rule for determining its objective seriousness. Chance, 143 F.3d at 702-03. The Second Circuit has

7

suggested, however, that factors such as the pain suffered by the plaintiff, deterioration due to lack of treatment, and the inability to engage in normal activities may serve as indicia of a cognizable claim of inadequate dental care.  Id. at 703.

To meet the subjective element, the plaintiff must demonstrate that the prison official acted with a sufficiently culpable state of mind, that is, that the official knew of and disregarded the plaintiff's serious medical needs.  Farmer, 511 U.S. at 837.  In other words, it must be shown that "the charged official act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm [would] result."  Jones v. Westchester County, 557 F. Supp. 2d 408, 414 (S.D.N.Y 2008) (quoting Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006)).

   C.   Claim Against Mr. Strachan

The defendants argue that Mr. Smith's medical condition was insufficiently serious to make out an Eighth Amendment claim. (Memorandum of Law in Support of Defendants' Motion for Summary Judgment ("Def. Memo.") at 5-10).  In addition, they contend that he cannot show that Mr. Strachan was deliberately indifferent to his medical needs.  (Def. Memo. at 14-17; Reply Memorandum of Law in Further Support of Defendants' Motion for Summary Judgment at 3-5).

Assuming without deciding that the plaintiff's dental issue was "condition of urgency that [could] result in degeneration or extreme pain," Chance, 143 F.3d at 702 (internal quotation marks omitted), his claim fails because there is no evidence that Mr.

Strachan was actually aware that there was a substantial risk of serious harm to Mr. Smith. The plaintiff's interaction with Mr. Strachan was brief. Mr. Strachan approached Mr. Smith, identified himself and his position, and asked Mr. Smith what was wrong. (Def. 56.1 Statement, ¶ 21). He checked Mr. Smith's file to determine when a dental appointment had been scheduled. (Def. 56.1 Statement, ¶¶ 21-22). When the plaintiff indicated that he would not be able to attend the scheduled appointment because of a court appearance, Mr. Strachan said that Mr. Smith would be seen by a dentist, but he could not say when. (Def. 56.1 Statement, ¶ 22). There is no evidence that Mr. Smith told Mr. Strachan anything other than that he wanted to see a dentist -- that is, there is no evidence that Mr. Strachan was aware of the details of the plaintiff's condition or the amount of pain he was in. The record indicates that Mr. Smith was not in apparent physical distress during his July 14 sick call visit. (Def. 56.1 Statement, ¶ 20). Indeed, Mr. Smith's own submission implies that he did not tell Mr. Strachan that he was in serious pain; instead, he argues that Mr. Strachan should have "know[n] and underst[ood] that a toothache is very painful and causes extreme pain." (Letter of Mark A. Smith dated July 2, 2014 ("Pl. Memo.") at 3). There is simply no evidence from which it could be inferred that Mr. Strachan was aware of a risk of serious harm to Mr. Smith.

Moreover, Mr. Smith cannot show that any action or failure to act on Mr. Strachan's part caused him harm.

> Defendants may be held liable under § 1983 if they . . . exhibited deliberate indifference to a known injury, a

9

> known risk, or a specific duty, and their failure to perform the duty or act to ameliorate the risk or injury was a proximate cause of [the] plaintiff's deprivation of rights under the Constitution.

Ortiz v. Goord, 276 F. App'x 97, 98 (2d Cir. 2008) (first alteration in original) (internal quotation marks omitted).  Mr. Strachan was not empowered to provide dental care, to refer Mr. Smith to a dentist, or to diagnose Mr. Smith's condition as an emergency; the record is clear that only medical personnel could make decisions regarding an inmate's need for care.  (Def. 56.1 Statement, ¶¶ 45-47, 49).  Therefore, nothing Mr. Strachan did or failed to do caused the injury alleged here: the failure to treat Mr. Smith's dental condition.

      D.    Claims Against Defendant Dentists

Mr. Smith has withdrawn his claims against defendants Quazi Satter, Charles Mirabile, and Sidney Piggot, recognizing that he "would be unable to meet both the subjective and objective prongs" of a deliberate indifference claim.  (Pl. Memo. at 4).

The concession is well-taken.  Again (assuming a sufficiently serious medical condition), there is no evidence that any of these defendants was aware that Mr. Smith had such a condition.  Although they are dentists who were on duty on the days that Mr. Smith visited sick call -- Dr. Mirabile on July 7, Dr. Satter on July 14, and Dr. Piggot on July 30 and August 3-6 -- the evidence shows that a dentist on duty will be informed of an inmate's condition only if medical personnel walk the inmate to the dental clinic to request emergency treatment or the dentist reviews the inmate's chart during a scheduled dental appointment.  (Def. 56.1 Statement ¶¶ 52-

10

53, 56, 67-69). None of these dentists treated Mr. Smith, and he was never taken to the dental clinic for emergency treatment. (Def. 56.1 Statement ¶¶ 22, 29, 38, 66). The record thus shows that these defendants were not aware of any risk of harm to Mr. Smith. I therefore recommend granting summary judgment in their favor.

    E.    <u>Claims Against the City</u>

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." Id.; see also Reynolds v. Giuliani, 506 F.3d 183, 207 (2d Cir. 2007). "A municipal policy may be pronounced or tacit and reflected in either action or inaction," <u>Cash v. County of Erie</u>, 654 F.3d 324, 334 (2d Cir. 2011), and may be premised upon the actions of a policymaking individual, <u>see</u> <u>Walker v. City of New York</u>, 974 F.2d 293, 296-97 (2d Cir. 1992). However, allegations that revolve around a single incident, "especially if it involved only actors below the policymaking level," are generally insufficient to establish the existence of an official policy or custom. <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir. 1993), <u>overruled on other grounds as recognized by</u> <u>Jean-Laurent v. Wilkerson</u>, 461 F. App'x 18, 22 (2d Cir. 2012); <u>see</u> <u>Parris v. New York State Department Correctional Services</u>, No. 12 Civ. 1849, 2013

WL 2257096, at *6 (S.D.N.Y. May 23, 2013); Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012).

There are two reasons that Mr. Smith's claims against the City of New York must fail. First, Mr. Smith's constitutional rights were not violated by any of the individual defendants. The City was "sued only because [it was] thought legally responsible for [the individual defendants'] actions; if the latter inflicted no constitutional injury on [the plaintiff], it is inconceivable that [the former] could be liable to [the plaintiff]." City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam).

Second, Mr. Smith has failed to adduce facts showing the existence of an official policy or custom that violated his constitutional rights. See Guentangue v. City of New York, No. 09 Civ. 7369, 2011 WL 3586121, at *4 (S.D.N.Y. Aug. 10, 2011) ("[C]onclusory allegations of municipal liability will not defeat a motion for summary judgment on a Monell claim." (internal quotation marks omitted)), report and recommendation adopted, 2011 WL 4069558 (S.D.N.Y. Sept. 13, 2011); see also Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (noting that "mere assertion" of an unconstitutional policy is insufficient and granting judgment as a matter of law in favor of defendant where record was "devoid of any evidence from which a reasonable juror could have inferred the existence of a municipal policy"). Indeed, he merely argues that the "City of New York was responsible for the hiring and overall conduct of [Mr. Strachan] . . . in failing to provide . . . adequate medical assistance and/or treatment once

12

[he] became aware that [the] [p]laintiff had a severe toothache that was causing [] extreme pain." (Pl. Memo. at 4-5). However, the fact that a municipality "'merely employ[ed] the misbehaving [employee]'" does not make that municipality liable. Fierro v. New York City Department of Education, __ F. Supp. 2d __, __, 2014 WL 425946, at *5 (S.D.N.Y. 2014) (quoting Harper v. City of New York, 424 F. App'x 36, 38 (2d Cir. 2011)); see also Jones, 691 F.3d at 80 ("[A] municipality cannot be held liable on a respondeat superior basis for the tort of its employee.").

Conclusion

For these reasons, I recommend that the defendants' motion for summary judgment (Docket no. 44) be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable J. Paul Oetken, Room 2101, 40 Foley Square, New York, New York 10007, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully Submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 18, 2014

Copies mailed this date:

Mark A. Smith
223 Ten Eyck Walk, Apt. 1A
Brooklyn, NY 11206

Carolyn E. Kruk, Esq.
Assistant Corporation Counsel
100 Church Street
New York, NY 10007